**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4271**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

     v.

ELIZABETH MARGARET O'NAN,

        Defendant – Appellant.

------------------------

THOMAS JEFFERSON CENTER FOR THE PROTECTION OF FREE EXPRESSION,

        Amicus Supporting Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge. (1:10-cr-00044-MR-1)

_____

Submitted:  October 25, 2011      Decided:  November 4, 2011

_____

Before MOTZ, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Elizabeth Margaret O'Nan, Appellant Pro Se.  David A. Thorneloe, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.  J. Joshua Wheeler, THE THOMAS JEFFERSON CENTER

FOR THE PROTECTION OF FREE EXPRESSION, Charlottesville, Virginia, for Amicus Supporting Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elizabeth Margaret O'Nan appeals the district court's order affirming the magistrate judge's judgment finding O'Nan guilty of violating 36 C.F.R. § 261.12(d)[*], imposing a fine and restitution, and ordering O'Nan not to interfere with the use of a Forest Service road for five years.

On appeal, O'Nan first argues that the court violated her First Amendment rights by punishing her for speech that was "merely the expression of her sincerely held beliefs about her property rights." Second, she argues that the magistrate judge made several erroneous factual findings. Third, she argues that the government illegally seized the Forest Service road in question. Fourth, she argues that the government violated her right to equal protection by punishing her but not punishing various hunters who she alleges have trespassed on her property. The Thomas Jefferson Center for the Protection of Free Speech filed an amicus brief in support of O'Nan, arguing that her prosecution violated her First Amendment rights.

In "cases raising First Amendment issues, an appellate court has the obligation to make an independent examination of the whole record to ensure that the judgment does not constitute

---

[*] This regulation prohibits interfering with the use of a National Forest System road.

a forbidden intrusion on the field of free expression." Bose Corp. v. Consumers Union of U.S., Inc., 466 U.S. 485, 486 (1984). Therefore, we review O'Nan's First Amendment argument de novo. Snyder v. Phelps, 580 F.3d 206, 218 (4th Cir. 2009). O'Nan's remaining arguments on appeal were not raised below. Accordingly, as to those arguments, this court applies the plain error standard of review, which requires that O'Nan show that there is an "error" that is "plain" and that "affects substantial rights." United States v. Olano, 507 U.S. 725, 731-32 (1993).

O'Nan's argument that the court violated her First Amendment rights by punishing her for speech that was "merely the expression of her sincerely held beliefs about her property rights," is without merit. O'Nan was prosecuted not for exercising her free speech rights, but for interfering with the use of a Forest Service Road. The Amicus Brief argues that because O'Nan had no unlawful intent, she cannot be punished under the First Amendment. However, this argument is based on the premise that O'Nan's behavior was nothing more than protected speech, a premise we reject. Further, to the extent that the Amicus Brief implicitly argues that the regulation is overbroad, the Supreme Court has cautioned that the use of the overbreadth doctrine in this situation is "strong medicine" that should be used "sparingly and only as a last resort."

4

*Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973). "[O]verbreadth scrutiny has generally been somewhat less rigid in the context of statutes regulating conduct in the shadow of the First Amendment, but doing so in a neutral, noncensorial manner." *Id.* at 614. This regulation, on its face, regulates conduct, not expressive speech. O'Nan has thus failed to show that her First Amendment rights were violated.

O'Nan next argues that the magistrate judge made several erroneous factual findings. We conclude that the magistrate judge's factual findings are supported by the record, even though O'Nan provided some testimonial evidence that conflicted with the magistrate judge's factual findings. Assessing the credibility of witnesses is within the province of the trier of fact, who, in this case, was the magistrate judge. *United States v. Jordan*, 509 F.3d 191, 203 n.8 (4th Cir. 2007). Moreover, none of the factual issues O'Nan raises have any bearing on whether she violated 36 C.F.R. § 261.12(d). Thus, this argument is also without merit.

O'Nan claims the government is guilty of an unconstitutional "taking" of her property because her permit to use the road in question provided that the road would not be open to public use. The record reveals, however, that in granting O'Nan's use permit, the government specifically reserved the right to "use the road for all purposes deemed

5

necessary or desirable," which extends to members of the public. Accordingly, O'Nan presents no credible argument that there has been any "taking" of her property.

Finally, O'Nan argues that the government violated her Fourteenth Amendment right to equal protection by punishing her but not punishing hunters who trespassed on her property. To succeed on an equal protection claim, a plaintiff must show that she has been treated differently from other similarly-situated individuals and that the unequal treatment was the result of intentional or purposeful discrimination. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). O'Nan failed to make that showing. She provides no basis for her conclusory assertions that hunters have trespassed on her land without punishment. Moreover, even assuming such trespassing, the hunters are not similarly situated to O'Nan because trespassing on private property is not the same as interfering with the use of a public road. Thus, O'Nan is not entitled to relief on this argument.

We deny O'Nan's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6